```
                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF TEXAS
                       SAN ANTONIO DIVISION

UNITED STATES OF AMERICA       :
                               :
vs.                            : No. SA:17-CR-00347
                               : San Antonio, Texas
JEFFREY CLINTON MICHALIK(1),   : August 22, 2019
Defendant.                     :
*********************************************************

              TRANSCRIPT OF JURY TRIAL PROCEEDINGS
                BEFORE THE HONORABLE DAVID A. EZRA
                SENIOR UNITED STATES DISTRICT JUDGE

APPEARANCES:
FOR THE GOVERNMENT:
  Tracy Thompson, Esquire
  United States Attorney's Office
  601 N.W. Loop 410, Suite 600
  San Antonio, Texas   78216
  (210)384-7150; tracy.thompson@usdoj.gov


FOR THE DEFENDANT:
  Edward A. Bartolomei, Esquire
  Richard A. Bartolomei, Esquire
  Jonathan R. Perez, Esquire
  Law Office of Edward A. Bartolomei, P.L.L.C.
  530 Lexington Avenue
  San Antonio, Texas   78215
  (210)225-0393; edward@eabartlaw.com



COURT REPORTER:
Angela M. Hailey, CSR, CRR, RPR, RMR
Official Court Reporter, U.S.D.C.
655 East Cesar E. Chavez Blvd., Third Floor
San Antonio, Texas   78206
Phone(210)244-5048
angela_hailey@txwd.uscourts.gov

Proceedings reported by stenotype, transcript produced by
computer-aided transcription.
```

# I N D E X

**GOVERNMENT WITNESS:**                                    **PAGE**

**Adrian Linares (Computer Forensic Analyst)**

By Ms. Thompson                                              8

1   *(Thursday, August 22, 2019, 9:25 a.m.)*
2                          * * *
3           COURT SECURITY OFFICER: All rise.
4           THE COURT: Please be seated. Is there anything
5   before we bring the jury in?
6           MS. THOMPSON: Nothing from the government.
7           THE COURT: Counsel?
8           MR. EDWARD BARTOLOMEI: Nothing from the defense.
9           THE COURT: Okay. Thank you.
10          COURT SECURITY OFFICER: All rise for the jury.
11          *(9:26 a.m.)*
12          THE COURT: All right, good morning. Are we ready?
13          MS. THOMPSON: I believe we finished with the
14  government offering Exhibit 6, 6a and 7 into evidence.
15          THE COURT: Yes. And you were going to look at that
16  last one, I think you had agreed to all but the last one,
17  counsel, you were going to take a look at it.
18          MR. RICHARD BARTOLOMEI: Yes. As I see it configured,
19  6b is a rather lengthy section which refers to a number of
20  different purported files and --
21          THE COURT: Which one is 6b?
22          MS. THOMPSON: I believe he's referring to Exhibit
23  Six.
24          MR. RICHARD BARTOLOMEI: Trying to figure out the
25  pages. I've got Government's Exhibit Six which is about --

1           THE COURT:  Now, is this the report your expert is
2    going to be testifying about?
3           MS. THOMPSON:  Yes, he's actually completed three
4    reports.
5           THE COURT:  Why don't you offer it in with him -- oh,
6    this expert.  But he's only on rebuttal, right?
7           MS. THOMPSON:  Correct.
8           MR. RICHARD BARTOLOMEI:  Maybe we should approach?
9           THE COURT:  All right.
10                              *  *  *
11   *(Sidebar.)*
12          MR. RICHARD BARTOLOMEI:  In light of our conversation
13   back there, I don't think he's been asked to be qualified as an
14   expert.
15          MS. THOMPSON:  He isn't.
16          THE COURT:  He hasn't been designated as an expert.
17   He's a fact witness, so I'm the one that made the mistake, so I
18   apologize.
19          MR. RICHARD BARTOLOMEI:  The other part is there's 413
20   pages.  And the reason I say this is I thought, and this is
21   just me, that the scope of the images that were in issue in
22   this case is 1018, 1019.  And so my objection would be to these
23   pages -- if there are others from prior dates because they
24   wouldn't have the foundation to determine whether or not the
25   defendant had the computer.

1    THE COURT:  I'm going to tell you what I'm concerned
2    about.  I was thinking about this last night and I also looked
3    at the law.  I think this is just overkill.  I think we have
4    much, much, too much in here, things that aren't all that
5    relevant.  I mean they may be relevant in the sense that they
6    do contain child pornography, but he's only charged with a
7    certain period of time and he's charged with a certain amount
8    of stuff and I think that you need to -- I think I would, if I
9    were you, I would reserve this for rebuttal, other than what
10   goes directly to the issue.  If he gets up and says I didn't
11   download pornography, I didn't see pornography, then, then it
12   becomes relevant if you have all this stuff.
13        MS. THOMPSON:  Well, he's charged with possessing all
14   of this on the day we seized the computer.  The reason it's so
15   big is it has all the file names which also go to the
16   corroboration of his statement as to what he searched for.
17        THE COURT:  I don't have a copy of the indictment.  Do
18   we have a copy of the indictment, Priscilla?
19        COURTROOM DEPUTY CLERK:  I'll get it.
20        MR. RICHARD BARTOLOMEI:  If I may --
21        THE COURT:  Just a minute.  Let me look at the
22   indictment first so I can get myself in context, then I'll let
23   you go on.
24        *(Pause.)*
25        Reread that.  It doesn't say anything about thousands

1  of images.
2       MS. THOMPSON: But it's everything on the computer.
3  He possessed the computer on that day.
4       THE COURT: Well, I understand that.
5       MS. THOMPSON: And this is everything on the computer.
6  They have to find he possessed at least one.
7       THE COURT: That's right, but I don't know that we
8  need to put in hundreds and hundreds and hundreds and hundreds
9  of pages of stuff.
10      MS. THOMPSON: It goes to his knowledge with the
11 volume of material --
12      THE COURT: I'm going to let you put in a fair amount
13 of volume. I just don't think all of it.
14      MR. RICHARD BARTOLOMEI: And this is my question --
15      THE COURT: And then you can come back on rebuttal.
16 If he gets up there and testifies like he testified during the
17 motion to suppress where he basically said that he didn't
18 possess any, he didn't have any, it wasn't him, then it would
19 be very hard -- even though I know that the argument from the
20 defense is, oh, maybe this is this guy Smith and somehow he
21 didn't clean the computer or somebody else got to it, it would
22 be almost impossible for someone who is using a computer on a
23 regular basis not to come across these hundreds and hundreds
24 and hundreds of files of child pornography. They would see
25 that in their files. I mean so -- and that argument has been

1  successfully made by the U.S. in prior trials I've been
2  involved in and sustained on appeal.  And that's even in the
3  Ninth Circuit, which is pretty liberal.
4          MR. RICHARD BARTOLOMEI:  There's one point that I
5  would like to make.  And it's why we didn't go with the report
6  with an expert.  I looked at the evidence.  The problem is is
7  that the dump, all these pages are from two days and I believe
8  the evidence will show and even Mr. Linares will have to
9  acknowledge they're never opened.
10         MS. THOMPSON:  That's not accurate, which is why I
11 need the entire report to go in.  I'm not going to show any of
12 it except for the ones that the judge has viewed.
13         THE COURT:  Why don't you go ahead and start.  I'll
14 let you start and we'll see where we go.
15         MR. RICHARD BARTOLOMEI:  Can I cross from the document
16 if it's not in?
17         THE COURT:  Yeah, you can cross from it.  She's going
18 to put it in.  I'm going to conditionally admit it and then
19 we'll see where we go, then you can cross from it.
20         MR. RICHARD BARTOLOMEI:  I don't have to raise an
21 objection because it's conditional admission.
22         THE COURT:  You can raise your objection right now.
23 I'll note your objection to it.
24         MR. RICHARD BARTOLOMEI:  You want me to step back and
25 say it?

1    THE COURT: You don't need to step back. Say it right
2  now.
3    MR. RICHARD BARTOLOMEI: Obviously it's cumulative and
4  we don't have any particular notice from among their intended
5  exhibits what they intend to put in or how it's referenced
6  because we don't have those and --
7    MS. THOMPSON: He's had this material.
8    THE COURT: Hold it. Let him say -- I don't want
9  people cutting off other people. That's not a good thing.
10   MR. RICHARD BARTOLOMEI: Yes, we've had it and the
11 point is it never changed, that's true. The point is we
12 believe that the evidence that's in there shows that while it
13 goes into the computer, it's never opened. And that's -- so
14 what is its relevance? It's got conditional relevance.
15   THE COURT: If you're right, I would agree with you,
16 but Ms. Thompson has made a proffer that you're not right. So
17 that's why I conditionally admitted it so that she could ask
18 him. And if he says that he has no way of knowing whether it
19 was ever opened, then I will unadmit it.
20   MR. RICHARD BARTOLOMEI: Okay, but I just wanted to
21 alert you but we can both question from it at this point.
22   THE COURT: Absolutely.
23 *(Sidebar concluded.)*
24                          *  *  *
25   THE COURT: By the way, ladies and gentlemen, I made a

1  mistake and I identified the witness as an expert.  He has not
2  been qualified as an expert.  He's a fact witness on his
3  observation of materials.
4            MS. THOMPSON:  Your Honor, for clarification,
5  Government's Exhibit Six is admitted conditionally.
6            THE COURT:  Right.
7            MS. THOMPSON:  Government's Exhibit 6a and --
8            THE COURT:  I think b.
9            MS. THOMPSON:  And 7 are admitted.
10           THE COURT:  Yes, they're admitted flat out.
11           MS. THOMPSON:  Then the government -- may I approach
12 the witness?
13           THE COURT:  Yes.
14 BY MS. THOMPSON:
15 Q.  CFA Linares, I'm going to show you what's been marked as
16 identification as Government Exhibit 6b.  Do you recognize
17 that?
18 A.  Yes, ma'am.
19 Q.  What is it?
20 A.  That is a forensic report from Axiom.
21 Q.  Is it a supplemental report that you completed?
22 A.  Yes.
23 Q.  When was it completed?
24 A.  Few days ago.
25 Q.  Does it fairly and accurately reflect the information that

1  you obtained from the Dell computer hard drive?
2  A.  Yes.
3          MS. THOMPSON:  Government offers Exhibit 6b.
4          MR. RICHARD BARTOLOMEI:  May I have just one moment?
5  I've got to locate 6b.  It's not in the book.  Thank you,
6  Ms. Thompson, for showing me.
7          Your Honor, we would object to 6b.  We were only
8  provided a couple days ago, it was not part of the discovery
9  provided, did not permit us an ample opportunity to view it and
10 I don't believe the government should be permitted to introduce
11 it or question about it due to the belated disclosure.  It
12 prejudices my client as to time, opportunity to review it and
13 of course obviously contains a wealth of information where this
14 particular witness has not been designated as an expert and
15 this constitutes complete surprise.
16         MS. THOMPSON:  Your Honor, this information was made
17 available -- the information contained in the report was made
18 available to the defense throughout the pendency of this case.
19 It is information that was on the imaged hard drive that their
20 computer expert had access to and reviewed for days and days.
21 And while it wasn't made into an actual report, the information
22 was available to them the entire time and very well may have
23 been reviewed by their expert, I don't know, but he had the
24 opportunity to review this information.  It was on the imaged
25 hard drive that they've had access to.

1  THE COURT: Just a minute. No more argument. I know
2  what the argument is. The objection is overruled. However, if
3  you need some additional time, the Court will consider a
4  postponement of the trial to give you an ample opportunity to
5  review it. In other words, break the trial and give you a
6  chance to review it additionally if you want and then we'll
7  come back and finish up the trial.
8  MR. RICHARD BARTOLOMEI: May we have one minute?
9  THE COURT: Sure.
10  *(Pause.)*
11  Ladies and gentlemen, if we do break the trial, then
12  what would happen is you would just go back to work or do
13  whatever your life is and then when we come back which would
14  only be a day or two, you would just resume, okay. We have to
15  do this occasionally. I don't like it, but we have to do it
16  occasionally.
17  *(Pause.)*
18  Counsel?
19  MR. RICHARD BARTOLOMEI: Your Honor, due to the volume
20  of information that's contained in that and I regretfully say
21  we're asking for postponement.
22  THE COURT: I'm going to give you two days. That's
23  plenty of time. All right? So that would be today, you've got
24  all day today and you have all day tomorrow, so we will resume
25  trial on Tuesday. I'm going to clear the docket on Monday.

1   We'll resume on Monday because I want to get you -- I'm sorry
2   for this delay, but it happens.  But I will fit my sentencings
3   and everything that I have to do, I'll do them some other time,
4   God only knows, lunch hour, I'll take care of it, but I don't
5   want you to have to -- so you'll really only lose one day
6   because you would have lost Monday anyway.  So let me give you
7   these instructions.  You can step off the stand, sir.
8           THE WITNESS:  Yes, sir.
9           THE COURT:  So I'm going to change the conditional
10  admission to a full admission now under these circumstances.
11          MS. THOMPSON:  Thank you, Your Honor.
12          THE COURT:  I'm going to let you go right now.
13          *(Off the record.)*
14                          *   *   *
15          THE COURT:  Now we're back on the record.  Please
16  remember my admonitions.  Enjoy your day.  I don't know whether
17  you're going to enjoy tomorrow, but it's Friday, right?  And
18  then we'll see you back here on Monday morning.  Remember this
19  is out of the ordinary because you normally would come on
20  Tuesday.  We're going to clear the calendar and start on
21  Monday.  Thank you very much.
22          COURT SECURITY OFFICER:  Rise for the jury.
23          THE COURT:  You need to wait back there in the jury
24  room, they're going to give you your attendance slips for this
25  week and it will include today.

1    *(9:45 a.m., jury exits.)*

2    THE COURT:  Counsel, is there anything you'd like to
3    put on the record before we recess for the day?

4    MS. THOMPSON:  Yes.  Since I did not receive any type
5    of material from the defense computer expert, I assume he is
6    not going to be called as a witness.

7    THE COURT:  I assume he is not.  Anything else that
8    you'd like to put on the record?

9    MR. RICHARD BARTOLOMEI:  I just want to make sure, I
10   may have missed the cumulative prejudicial outweighing the
11   probative value and there may be some aspects of the second
12   report --

13   THE COURT:  I think what you need to do, counsel, is
14   just have the Rules of Evidence in front of you in -- I had a
15   lawyer one time, he had a card and every objection he would
16   make he would read off the entire list so he was sure not to
17   miss anything.  And then I once had a trial where I had a woman
18   lawyer and we had six defendants in that case from Tonga.  It
19   was a big drug importation case in Hawaii that I presided over
20   and I mean a big one.  And one of the other lawyers got up and
21   objected on some ground and then she jumped up and objected and
22   I couldn't figure out why because it had nothing to do with her
23   client.  And I said, why did you object?  And she said, Well,
24   he objected.

25   Oh, well, there we go.  We're going to stand in recess

1  for a couple of days.  You'll have the weekend, so you'll
2  actually have four days.
3          *(9:48 a.m.)*
4                            *   *   *

1                       * * * * *

2    UNITED STATES DISTRICT COURT

3    WESTERN DISTRICT OF TEXAS

4

5         I certify that the foregoing is a correct transcript from

6    the record of proceedings in the above-entitled matter.  I

7    further certify that the transcript fees and format comply with

8    those prescribed by the Court and the Judicial Conference of

9    the United States.

10

11   Date signed:  September 27, 2019

12

13   /s/ Angela M. Hailey
     _____
14   Angela M. Hailey, CSR, CRR, RPR, RMR
     Official Court Reporter
15   655 East Cesar E. Chavez Blvd., Third Floor
     San Antonio, Texas   78206
16   (210)244-5048